IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JACK CHRISTIAN WOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 2:21-cv-03303-DCN-MGB |
| JOSHUA PHILLIPS, *in his individual* ) | |
| *capacity*; and SGT. MATTHEW STOREN, ) | **ORDER** |
| *in his individual capacity*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the court on plaintiff Jack Christian Woody's ("Woody") motion for clarification, ECF No. 65, regarding the court's order adopting Magistrate Judge Mary Gordon Baker's report and recommendation and granting in part and denying in part defendants City of Isle of Palms (the "City"), John Doe ("Doe"), Joshua Phillips ("Phillips"), Sgt. Matthew Storen ("Sgt. Storen"), and Captain J. Swain's ("Capt. Swain") (collectively, "defendants") motion for summary judgment, ECF No. 44.

    This case arises from an alleged use of excessive force during Woody's arrest on December 27, 2019. ECF No. 21, 2d Amend. Compl. According to Woody, the arrest occurred at a local bar and grill known as The Windjammer located on the Isle of Palms after he was escorted out of the building at approximately 10:54 P.M. Id. ¶¶ 33–34. Around that time, Phillips and Sgt. Storen (together, the "Officers") were dispatched to The Windjammer following a report that Woody had entered The Windjammer in violation of a trespass order issued in 2018. ECF No. 44 at 2. The court relied on video

1

evidence submitted by the parties, ECF Nos. 44-1; 44-2; 50-1; 50-10,[1] to provide a summary of the facts. The court dispenses with that lengthy recitation and merely notes that as Sgt. Storen and Phillips arrested Woody, the Officers had to lay Woody down on the stairs of The Windjammer and thereafter Sgt. Storen used a taser purportedly to secure Woody in the police cruiser—the parties dispute whether either of these actions were lawful or justified.

On September 28, 2021, Woody filed his complaint in the Charleston County Court of Common Pleas alleging twenty-two causes of action seeking nominal, actual, special, compensatory, and punitive damages in amounts to be determined by a jury. ECF No. 1-1, Compl. Defendants Isle of Palms Police Department, the City, Phillips, and Sgt. Storen removed to federal court on October 12, 2021, under federal question jurisdiction, ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rules 73.02(B)(2)(g) (D.S.C.), all pretrial proceedings in this case were referred to Magistrate Judge Baker. On January 3, 2022, Woody filed the first amended complaint, which added as defendants Kevin Cornett, Capt. Swain, Kim Usry, K. Thompson, Chad King, and Doe.[2] ECF No. 17, 1st Amend. Compl. On January 14, 2022, Woody filed the

---

[1] These exhibits contain the video footage from that night, December 27, 2019, from the body-worn cameras of Phillips, ECF Nos. 44-1 and 50-1, and Sgt. Storen, ECF Nos. 44-2 and 50-10. The court notes that the video footage from Sgt. Storen's body-worn camera is significantly darker than Phillips and therefore more difficult to decipher. Unless the court states otherwise or cites to another source, the remaining facts gleaned from that night are pulled from the video footage.

[2] Defendant Isle of Palms Police Department was terminated as a defendant on February 17, 2022, because defense counsel acknowledged the City was the proper entity to respond to claims brought against its local Police Department. ECF Nos. 27, 28. Defendants Chief of Police Kevin Cornett ("COP Cornett"), Former Interim Chief of Police Chief Kim Usry ("Interim COP Usry"), Sgt. Kraig Thompson ("Sgt. Thompson"), Sgt. Chad King ("Sgt. King"), and Sgt. Sharon Baldrick ("Sgt. Baldrick") were

second amended complaint, now the operative complaint, against all defendants, which alleged six causes of action.³ ECF No. 21, 2d Amend. Compl. On September 26, 2023, this court issued an order (the "September Order") which granted summary judgment and dismissed all supervisory liability claims brought against Capt. Swain and John Doe, all claims against the City, and the § 1983 claims brought against Sgt. Storen and Phillips in their official capacities. ECF No. 63 at 8, 20–26. However, the September Order denied summary judgment as to Woody's § 1983 excessive force claims against Phillips and Sgt. Storen in their individual capacities and similarly denied it as to Woody's state law assault and battery claims asserted against Phillips and Sgt. Storen. Id. at 9–20. On September 29, 2023, Woody filed the instant motion seeking a clarification of the court's September Order. ECF No. 65.

The court briefly summarizes its conclusions from its September Order before clarifying that order per Woody's request. In adopting the magistrate judge's recommendation to which neither party objected, the court dismissed all supervisory liability claims brought against Capt. Swain and Doe. ECF No. 63 at 8. It thereafter

---

terminated as defendants on September 8, 2022, upon the court's order granting in part and denying in part defendants' motion to dismiss. ECF Nos. 40, 41.

³ Count 1 alleges excessive force by Phillips and Sgt. Storen in violation of the Fourth Amendment of the United States Constitution. 2d Amend. Compl. ¶¶ 85–116. Count 2 alleges excessive force in violation of the United States Constitution against Capt. Swain pursuant to supervisory liability. Id. ¶¶ 117–36. Counts 3 and 4 allege supervisory liability against Sgt. Thompson, Sgt. King, Sgt. Baldrick, Doe, Interim COP Usry, and COP Cornett of whom only Doe remains a defendant at the motion for summary judgment stage. Id. ¶¶ 137–40; ECF No. 40. Count 5 is brought against the City and alleges custom, policy, or usage of failing to properly respond to excessive use of force by its police officers. Id. ¶¶ 141–61. Count 6 is brought against Phillips and Sgt. Storen and claims both committed battery by applying the taser, the wrist lock, and the jugular notches against Woody and that Sgt. Storen committed assault by telling Woody he was going to be tased, all in violation of South Carolina state law. Id. ¶¶ 165–69.

engaged in de novo review of the R&R's recommendation that the court grant summary judgment on the claims against the City and dismiss the § 1983 claims brought against Sgt. Storen and Phillips in their official capacities as duplicative of the claims against the City. Id. at 20–26. Specifically, the court adopted that recommendation and concluded that Woody had not met his evidentiary burden at summary judgment stage such that no reasonable juror could find for Woody on his § 1983 municipal liability claim against the City. Id. In contrast, the court denied summary judgment as to Woody's § 1983 excessive force claim against Sgt. Storen and Phillips because genuine issues of material fact existed as to their use of force on the stairs and Sgt. Storen's use of a taser. Id. at 9–18. Corollary to that conclusion, the court held that a jury could find that Phillips and Sgt. Storen acted with actual malice or intent to harm when using force against Woody such that reasonable minds could differ as to whether the officers are entitled to immunity under the South Carolina Tort Claims Act. Id. at 18–20. As such, the court denied summary judgment as to Woody's assault claims against Sgt. Storen and his battery claims against Sgt. Storen and Phillips. Id.

     Woody's unopposed motion now requests that the court clarify whether it granted or denied summary judgment as to the state law claims against the City. ECF No. 65 at 2. In his operative complaint, Woody does not assert state law claims against the City, only claims pursuant to the Fourth Amendment under § 1983. See 2d Amend. Compl. ¶¶ 165–69. Certainly, in his original complaint Woody asserted claims of negligence, gross negligence, assault, battery, and negligent training, supervision and retention against the City, but he omitted those claims from the two amended complaints he has since filed. Compare ECF No. Compl. ¶¶ 35–40; 48–67, with 1st Amend. Compl.

¶¶ 133–61 (filing § 1983 claims against the City and state law claims against only Sgt. Storen and Phillips); and 2d Amend. Compl. ¶¶ 141–69 (same). As such, the court considered no state law claims against the City in the motion for summary judgment because Woody did not assert state law claims against the City in the operative complaint.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 19, 2023**
**Charleston, South Carolina**